IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

YOLANDA BOZEMAN,

    Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY d/b/a
LINCOLN FINANCIAL GROUP,

    Defendant,                                               No. 3:10-cv-782-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

Before the Court is defendant The Lincoln National Life Insurance Company's motion to dismiss the complaint (Doc.6) and plaintiff Yolanda Bozeman's motion to remand (Doc. 9). Defendant argues that the complaint must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff argues that the cause must be remanded because defendant failed to file a motion for removal within thirty days of being served. For the following reasons, plaintiff's motion to remand is denied, and defendant's motion to dismiss is granted without prejudice.

## I. Background

Plaintiff commenced this action in state court on August 6, 2010, by filing a complaint against defendant in St. Clair County circuit court. Plaintiff's complaint asserts a claim for benefits under a state law breach of contract theory and a claim for statutory penalties and attorney's fees for vexatious and unreasonable conduct under the Illinois Insurance Code, 215 ILCS 5/155. According to the complaint, the facts of which we accept as true, in late 2004, plaintiff became employed by Life Skills Foundation. On July 1, 2005, defendant issued a long term disability insurance policy to Life Skills Foundation under which plaintiff became eligible for benefits. In 2008, plaintiff suffered injuries in an automobile collision. Plaintiff began receiving long term disability benefits in August 2008 and continued receiving them until July 2009 when defendant failed to continue paying. Plaintiff alleges that this was error and that plaintiff is now and has been eligible to receive benefits under the policy since defendant stopped paying.

On October 8, 2010, defendant removed this case to this Court. In the notice of removal defendant argued that this court had jurisdiction because plaintiff's state law claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"). On October 15, 2010, defendant filed a motion to dismiss the complaint (Doc. 6) along with a memorandum in support of thereof (Doc. 7), asserting that plaintiff's state law claims were preempted by ERISA. On November 15, 2010, plaintiff filed a response to defendant's motion to dismiss (Doc. 11), and on November 29, 2010, defendant filed a reply in support of the motion to

dismiss (Doc. 14).

On November 5, 2010, plaintiff filed a motion to remand (Doc. 9) along with a memorandum in support of that motion (Doc. 10). On December 8, 2010, defendant filed a response to plaintiff's motion to remand (Doc 15), and on December 21, 2010, plaintiff filed a reply to defendant's response to the motion to remand (Doc. 17). The Court now turns to address plaintiff's motion to remand and then defendant's motion to dismiss.

## **II. Motion to Remand**

Section 1446(b) of the United States Code provides that a notice of removal must be filed by a defendant within thirty days of receipt by the defendant of the initial pleading or within thirty days of service of summons. 28 U.S.C. 1446(b). Federal Rule of Civil Procedure 4(h)(1)(B) states that a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). The question presented by plaintiff's motion to remand is whether defendant timely filed a proper notice of removal.

The dispute centers around whether defendant was served on August 30, 2010, or September 13, 2010. It is undisputed that a summons was issued on August 17, 2010, to serve defendant at the following address: c/o Wendy Sullivan, 10176 Corporate Square Dr., Suite 100, St. Louis, MO 63132-2924. The summons was served at this address on August 30, 2010. This address, however, was actually the address for Life Skills Foundation, plaintiff's former employer who purchased the

insurance policy from defendant and who acted as the plan administrator. Life Skills Foundation then mailed the summons to defendant who stamped it received September 13, 2010.

Plaintiff argues that defendant failed to file for removal within the thirty day period allowed by 28 U.S.C. § 1446. Plaintiff bases the argument for remand on the summary plan description of the policy in issue which provides that Life Skills Foundation is the agent for service of process. Plaintiff thus argues that service upon Life Skills Foundation was effective as to defendant and that defendant failed to remove before September 29, 2010, thirty days from the service of process on Life Skills Foundation. Plaintiff also argues that defendant never filed a proper notice of removal required by 28 U.S.C. §1446(a).

Defendant counters by arguing that it has never been formally served under Federal Rule of Civil Procedure 4(h). Defendant asserts that the plan in question clearly states that Life Skills Foundation is not defendant's agent and therefore defendant was never served with process. Defendant argues that it has committed no action prior to filing its notice of removal that would constitute a waiver of service and therefore it timely filed for removal.

The summary plan description ("the summary") contains several relevant portions. First, the summary states that "[t]he [p]lan [d]ocument will govern if there is any discrepancy between the information contained in this [d]escription and the [p]lan." The summary then goes on to name Life Skills Foundation as the plan administrator and states that "[t]he [p]lan [a]dministrator is responsible for the

administration of the [p]lan and is the designated agent for service of legal process for the [p]lan." The plan document itself however contradicts this, stating that "for all purposes of this [p]olicy, the [p]olicyholder acts on its own behalf or as the [e]mployee's agent. Under no circumstances will the [p]olicyholder be deemed the [c]ompany's agent." (Doc.7 Ex. A). The plan document goes on to name Life Skills Foundation as the policyholder and defendant as the company. (Doc. 7).

In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), the Supreme Court held that, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 344. Here, plaintiff served Life Skills Foundation with the summons and complaint on August 30, 2010, but defendant did not receive it until September 13, 2010, after Life Skills Foundation forwarded them on to defendant. Accordingly, without formal service effected on the named defendant, the time limit for removal was not triggered by plaintiff's service on Life Skills Foundation. Life Skills Foundation is not a party in this cause and the plan document, to which the plan summary defers, forbids Life Skills Foundation from acting as an agent for defendant. Thus, defendant timely filed the notice of removal.

Plaintiff also argues that defendant never filed a proper notice of removal in compliance with 28 U.S.C. § 1446(a) because defendant did not file a notice of removal but rather a notice of filing notice of removal. Section 1446(a) provides that

a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Defendant's notice of filing notice of removal, filed on October 8, 2010, states that the action is removable due to ERISA preemption. Attached to the notice of filing notice of removal is a copy of the complaint, summons, and the policy in question. These documents are the entirety of the processes, pleadings, and orders received by defendant prior to filing. Thus, defendant's notice of filing notice of removal, while perhaps not correctly titled, is in compliance with § 1446(a) and is a properly filed notice of removal.

In plaintiff's reply to defendant's response to the motion to remand (doc. 17), plaintiff contends that defendant's failure to raise the insufficiency of service in its motion to dismiss results in defendant having waived any argument regarding the insufficiency of service of process. Federal Rule of Civil Procedure 12(h)(1)(a) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) [which includes insufficient process and insufficient service of process] by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." FED. R. CIV. P. 12(h)(1)(a). Federal Rule of Civil Procedure 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). The exceptions allowed under Rule 12(h)(2) or (3) are not applicable here. See FED. R. CIV. P. 12(h)(2)-(3).

The Court agrees that plaintiff has waived the right to raise the defense or objection of insufficiency of service of process because it did not raise that defense in its motion to dismiss. See *Secs. & Exch. Comm'n v. Cherif*, 933 F.2d 403, 416 (7th Cir. 1991) ("It is axiomatic that a party waives a defense of insufficiency of service or process by failing to assert it seasonably in a motion or his first responsive pleading."); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) ("[I]f a defendant does not object to the manner in which he was served in his answer or his first motion to the court (whichever occurs first), he waives the objection."). Nevertheless, the fact of the matter remains that defendant was not served until September 13, 2011, when it received the summons and complaint. See *Murphy Bros. Inc.*, 526 U.S. at 347. ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Since the parties do not dispute that defendant did not actually receive the summons and complaint until September 13, 2011, defendant had until October 13, 2011, to file its notice of removal, thirty days from when defendant actually received the summons and complaint. Accordingly, plaintiff's motion to remand (Doc. 9) is denied.

### III. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be

granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must establish a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must be sufficient "to raise a right to relief above the speculative level." *Id*. Section 1144(a) of ERISA provides that ERISA "shall supersede any and all state laws in so far as they may now or hereafter relate to any employee benefit plan." When an employer contracts with an insurer for the purchase of a group policy, designates a class of employees eligible for enrollment, and pays the costs of coverage, the employer has demonstrated a sufficient level of involvement to "establish or maintain" a plan under ERISA. See *Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 511 (1989). ERISA is "a statute of general application, one that envisions inclusion within its ambit as the norm." *Smart v. State Farm Ins. Co.*, 868 F.2d 929, 933 (7th Cir. 1989). The intent of Congress in the creation of ERISA was to provide minimum standards for employee retirement income security plans "assuring the equitable character of such plans and their financial soundness." 29 US.C. § 1001. At issue is whether plaintiff has brought a state law claim preempted by ERISA and thus failed to state a claim upon which relief may be granted.

Defendant argues that plaintiff's complaint fails to establish a plausible right to relief because it contains state law claims that relate to an employee welfare benefit plan and are therefore preempted by ERISA. Conversely, plaintiff contends that the plan in question is not an ERISA plan and that, if it is an ERISA plan, plaintiff's state

law claims should be transformed into ERISA claims.

The plan in question provides long term disability benefits to employees. As defendant argued in its memorandum, the plan meets the requirements of an ERISA governed plan as laid out in 29 U.S.C. § 1002(1). The wording of the plan and plan summary, which reference ERISA within the claim procedure section, indicate that the plan is to be governed by ERISA. The plan itself refers directly to ERISA and states in the section entitled "Claims Subject to ERISA" that "an ERISA plan participant or beneficiary may bring legal action under section 502(a) of ERISA." (Doc. 7 Ex. A). The summary plan description states in the opening paragraph that "The following information …is the [s]ummary [p]lan [d]escription required by the Employee Retirement Income Security Act of 1974 to be distributed to participants in the [p]lan." In fact, plaintiff practically concedes that the plan is governed by ERISA in its response to defendant's motion to dismiss by presenting a one paragraph argument that the employer never contracted to create an ERISA plan and then claiming that if the state law claims are preempted by ERISA the court should transform those state law claims into ERISA claims. (Doc. 11). The Court accepts defendant's argument and finds that in order to recover benefits under the plan plaintiff must amend her complaint to state a claim under 29 U.S.C. §1132(a).

Despite the plan and plan summary which directly reference plan participants' ERISA rights, plaintiff contends that a letter from Life Skills Foundation's payroll specialist asserting that the plan is not an ERISA plan excepts the plan from being governed by the federal statute. The letter, however, does not state that the plan is not

an ERISA plan, but rather that plaintiff "was not a participant in an ERISA or retirement plan when employed by Life Skills." (Doc. 11 Ex. A). The fact that Life Skills' payroll specialist stated that plaintiff was not a participant in an ERISA plan does not change the preemptive effect of ERISA on such a plan. In fact, that is precisely why ERISA has been given such effect. The Seventh Circuit has stated that "[w]hat Congress meant . . . was to eliminate the prospect of conflict among the federal, state, and local laws applying to employee benefit plans by making the regulation of such plans exclusively a federal matter." *Safeco Life Ins. Co. v. Musser*, 65 F.3d 647, 651 (7th Cir. 1995). Thus the goal of ERISA is that it "knocks out any effort to use state law, including state common law, to obtain benefits under such a plan . . . ." *Pohl v. Nat'l Benefits Consultants Inc.*, 956 F.2d 126, 127 (7th Cir. 1992) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)).

In sum, the preemptive effect ERISA has on plaintiff's state law claims determine that the plaintiff has failed to state a claim upon which relief may be granted in accordance with Federal Rule of Civil Procedure 12(b)(6). In order to bring a proper claim for benefits under the plan in question plaintiff must use the vehicle provided by ERISA. For the aforementioned reasons, this Court determines that the plaintiff has failed to state a claim upon which relief may be granted and therefore grants defendant's motion to dismiss without prejudice.

## IV. Conclusion

For the reasons stated above, plaintiff's motion to remand is denied and defendant's motion to dismiss is granted without prejudice. Plaintiff is allowed twenty-

one days leave in which to amend the complaint. Defendant shall have fourteen days thereafter to file a responsive pleading.

**IT IS SO ORDERED.**

Signed this 12th day of July, 2011.

David R. Herndon
2011.07.12
14:51:28 -05'00'

**Chief Judge**
**United States District Court**